UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
LM INSURANCE CORPORATION,

                Plaintiff,

  -against-

SAFETY NATIONAL CASUALTY CORPORATION
and CINCINNATI INSURANCE COMPANY,

                Defendants.
-------------------------------------------------------------------------x

Civil Action No.
**1:21-cv-01802**

**COMPLAINT**

**M A D A M S/S I R S:**

Plaintiff LM INSURANCE CORPORATION ("LM Insurance"), by its attorneys, JAFFE & ASHER LLP, as and for its Complaint against defendants SAFETY NATIONAL CASUALTY CORPORATION ("Safety National"), and CINCINNATI INSURANCE COMPANY ("Cincinnati") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000 exclusive of costs.

2. At all times hereinafter mentioned, LM Insurance was, and still is, a stock insurance company organized under the laws of the State of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

3. At all times hereinafter mentioned, LM Insurance was, and still is, an insurance company duly authorized to conduct business within the State of New York.

4. Upon information and belief, at all times hereinafter mentioned, Safety National was, and still is, a stock insurance company organized under the laws of the State of Missouri, with its principal place of business located at 1832 Schuetz Road, St. Louis, MO 63146.

5. Upon information and belief, at all times hereinafter mentioned, Safety National was, and still is, an insurance company duly authorized to conduct business within the State of New York.

6. At all times hereinafter mentioned, Cincinnati was, and still is, a stock insurance company organized under the laws of the State of Ohio, with its principal place of business located at P.O. Box 145496, Cincinnati, OH 45214.

7. Upon information and belief, at all times hereinafter mentioned, Cincinnati was, and still is, an insurance company duly authorized to conduct business within the State of New York.

8. The United States District Court for the Eastern District of New York has venue over this matter pursuant to 28 U.S.C. § 1391(b); a substantial part of the events or omissions giving rise to the claim occurred in this district.

## SUBSTANTIVE ALLEGATIONS

9. On or about December 7, 2017, Dean Kelly ("Kelly") commenced an action entitled Dean Kelly v. Pergament Mall of Staten Island LLC, Raymours Furniture Company, Inc. and Raymour & Flanigan Properties, LLC, Index No. 31720/2017E, in the Supreme Court of the State of New York, Bronx County (the "Underlying Action").

10. In the Underlying Action, Kelly alleges that, on September 20,

2017, Pergament Mall of Staten Island LLC ("Pergament Mall"), Raymours Furniture Company Inc. ("Raymours Furniture"), and Raymour & Flanigan Properties LLC ("Raymour Properties") were the owner of the premises known as the Pergament Enterprise Mall, 2795 Richmond Avenue, Staten Island, NY ("Premises").

11. In the Underlying Action, Kelly alleges that Pergament Mall was the general contractor for work being done at the Premises.

12. In the Underlying Action, Kelly alleges that Raymours Furniture and Raymours Properties were the construction manager for construction, reconstruction, and/or renovation of the Premises.

13. In the Underlying Action, Kelly alleges that Pergament Mall, Raymours Furniture, and Raymours Properties supervised the construction, reconstruction and/or renovation of the Premises.

14. In the Underlying Action, Kelly alleges that Pergament Mall entered into a written contract with Black Dog Interiors Corporation ("Black Dog"), whereby Black Dog agreed to perform labor and services upon the Premises.

15. Kelly alleges that on September 20, 2017, while lawfully at the Premises, and working as an employee of Black Dog, he was caused to trip and fall, sustaining injuries.

16. Kelly alleges that the occurrence and his injuries were due to the negligence of the underlying defendants, their agents, servants and/or employees in the ownership, operation, direction, supervision, possession, and control of the Premises; in the construction, rehabilitation and/or alteration of the Premises; and in allowing a

dangerous, hazardous, defective unlawful condition to be and remain at the Premises.

17. In the Underlying Action, Kelly alleges four causes of action for damages against the underlying defendants: the First Cause of Action sounds in negligence; the Second Cause of Action alleges violation of Section 200 of the Labor Law of the State of New York; the Third Cause of Action alleges violation of Section 241(6) of the Labor Law of the State of New York, and applicable sections of Rule 23 of Industrial Code of the State of New York; and the Fourth Cause of Action alleges violation of Section 240(1) of the Labor Law of the State of New York.

18. MRP Family Holdings, LLC ("MRP") (predecessor-in-interest to Pergament Mall), as Landlord, and Levitz Furniture, LLC ("Levitz") (predecessor-in-interest to Raymours Furniture), as Tenant, entered into an Agreement of Lease dated December 19, 2003, for certain demised space located at the Premises.

19. MRP and Levitz entered into the First Amendment to Agreement of Lease dated April 22, 2004.

20. Levitz then assigned the Agreement of Lease, as amended, to Raymours Furniture by Assignment and Assumption Agreement effective February 8, 2008.

21. Pergament Mall, as Landlord, and Raymours Furniture, as Tenant, entered into the Second Amendment to Agreement of Lease dated November 16, 2015, and thereafter, the Third Amendment to Agreement of Lease dated May 8, 2017 (collectively, the "Lease").

22. Pursuant to the Second Amendment to Agreement of Lease, the lease term runs through December 31, 2020, and may be extended as set forth therein.

23. Article 14 of the Lease provides, in part, as follows:

14.02 Tenant agrees to obtain from and after the earlier of: (i) the date Tenant enters into possession of the Premises; and (ii) the Commencement Date, and thereafter up to and including the Expiration Date of the Term, at Tenant's sole cost and expense:

\* \* \*

(b) comprehensive public liability insurance on an occurrence basis in respect of the Premises and the conduct and operation of business therein, with limits of liability of not less than Three Million Dollars ($3,000,000) for injury or death to any one person and One Million Dollars ($1,000,000) for damage to property;

\* \* \*

14.03 The insurance to be provided and kept in force by Tenant under Section 14.02 **(other than subsection 14.02(c))** shall be issued by insurers licensed to do business in the State of New York shall name as additional insureds Landlord, and any mortgagees of Landlord as their respective interests may appear of which mortgagees, Landlord has furnished Tenant names and addresses.

24. Upon information and belief, in compliance with the Lease, Raymours Furniture obtained a comprehensive public liability policy, with a policy period including September 20, 2017, as Named Insured, from Safety National (the "Safety National Policy").

25. Upon information and belief, the Safety National Policy has liability limits of $3 million per occurrence.

26. Upon information and belief, the Safety National Policy contains an additional insured endorsement, pursuant to which Pergament Mall qualifies as an additional insured for the claims alleged in the Underlying Action.

27. Upon information and belief, the Safety National Policy contains an applicable primary "Other Insurance" provision for Pergament Mall for the claims alleged in the Underlying Action.

28. Raymours Furniture, and Einstein Construction Group, L.L.C. ("Einstein"), as Contractor, entered into a contract dated April 3, 2017, wherein Einstein agreed to perform certain construction work at the demised space at the Premises ("Einstein Contract").

29. Pursuant to Article 8.4 of the Einstein Contract, Einstein was required to obtain commercial general liability insurance.

30. Article 8.4(b) of the Einstein Contract provides, in part, as follows:

> 8.4  The insurance shall conform to the minimum coverage described below, ...
>
> * * *
>
> (b)  Commercial General Liability including coverage for Premises-Operations, Independent Contractors' Protective, Products-Completed Operations, Contractual Liability, Personal Injury, and Broad Form Property Damage (including coverage for Explosion, Collapse and Underground hazards):
>
>     (i)   $1,000,000 Each Occurrence
>     (ii)  $2,000,000 General Aggregate (the policy shall be endorsed to have the General Aggregate apply to this Project only)
>     (iii) $1,000,000 Personal and Advertising Injury

      (iv) $2,000,000 Products-Completed Operations Aggregate

      (v) $1,000,000 Automobile Liability (owned, non-owned and hired vehicles) for bodily injury and property damage, each accident.

      (vi) $5,000,000 Commercial Umbrella Occ/Aggregate.

31. Pursuant to Article 8.0 of the Einstein Contract, Einstein was required to name Pergament Mall as an additional insured on its insurance policy.

32. Article 8.0 of the Einstein Contract provides, in part, as follows:

> In connection with each Purchase Order, (i) Owner, (ii) Raymours Furniture Company, Inc., ... (iv) any other party requested by Owner (collectively, "Additional Insured") must be named as additional named insured on all policies of insurance.

33. Pursuant to Article 8.0 of the Einstein Contract, Pergament Mall is referred to as "Owner" (Raymours is separately referred to as "Raymours"), or alternatively, Pergament is a "party requested by Owner [Raymours]" that "must be named as additional named insured on all policies of insurance."

34. Pursuant to Article 8.0 of the Einstein Contract, the Certificate of Liability Insurance "must be accompanied by the additional insured and waiver of subrogation endorsement forms in form attached hereto as Exhibit 4."

35. Pursuant to Article 8.2 of the Einstein Contract, "[T]he conditions set in the sample Certificate of Liability Insurance attached hereto as Exhibit 4, shall be met including, but not limited to, the type and limit of coverage."

36. The Certificate of Liability Insurance attached to the Einstein Contract as Exhibit 4, and incorporated by reference in the Einstein Contract, specifically names

Pergament Mall as an additional insured on Einstein's insurance policy.

37. Pursuant to Article 8.4(d) of the Einstein Contract, Einstein's policy of insurance must contain the following additional insured endorsements and "primary and noncontributory Other Insurance" endorsement, samples of which, are annexed to the Einstein Contract as exhibits, and incorporated by reference:

> (d). Required Endorsement Forms:
>
> i. CG 20 10 04 13 ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION
> ii. CG 20 37 04 13 ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS
> iii. CG 20 01 04 13 PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION …

38. In these additional insured endorsements, attached to the Einstein Contract as exhibits and incorporated by reference, Pergament Mall is specifically named in the "Schedule" of each, as an additional insured on the Einstein policy.

39. Upon information and belief, in compliance with the Einstein Contract, Einstein obtained a Commercial General Liability policy, No. ENP 026 64 66, with a policy period from July 27, 2015 to July 27, 2018, and with policy limits of $1 million per occurrence, as Named Insured, from Cincinnati ("Cincinnati Policy").

40. Upon information and belief, the Cincinnati Policy contains an additional insured endorsement that provides, in part, as follows:

> **9. Automatic Additional Insured - Specified Relationships**

a. The following is hereby added to **SECTION II - WHO IS AN INSURED**:

(1) Any person or organization described in Paragraph 9.a.(2) below (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of:

(a) A written contract or agreement; or

(b) An oral agreement or contract where a certificate of insurance showing that person or organization as an additional insured has been issued,

is an insured, provided:

(a) The written or oral contract or agreement is:

1) Currently in effect or becomes effective during the policy period; and

2) Executed prior to an "occurrence" or offense to which this insurance would apply; and

(b) They are not specifically named as an additional insured under any other provision of, or endorsement added to, this Coverage Part.

(2) Only the following persons or organizations are additional insureds under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein:

\*\*\*

(f) Any person or organization with which

> you have agreed per Paragraph **9.a.(I)** above to provide insurance, but only with respect to liability arising out of "your work" performed for that additional insured by you or on your behalf. A person or organization's status as an insured under this provision of this endorsement continues for only the period of time required by the written contract or agreement, but in no event beyond the expiration date of this Coverage Part. If there is no written contract or agreement, or if no period of time is required by the written contract or agreement, a person or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

41. Upon information and belief, pursuant to the terms of the Cincinnati Policy, Pergament Mall qualifies as an additional insured for the claims alleged in the Underlying Action.

42. Upon information and belief, the Cincinnati Policy contains an applicable primary "Other Insurance" provision for Pergament Mall for the claims alleged in the Underlying Action.

43. LM Insurance issued a Commercial General Liability policy, No. TB5-Z11-261629-017, with a policy period from June 30, 2017 to June 30, 2018, to Pergament Investments Inc., as Named Insured, which, by Declarations Extension Schedule – Named Insured includes Pergament Mall, as a Named Insured (the "LM Insurance Policy").

44. The LM Insurance Policy has an each occurrence limit of $1 million, a General Aggregate Limit of $2 million, and a Products-Completed Operations Aggregate

Limit of $2 million.

45. The LM Insurance Policy has an applicable excess "Other Insurance" that provides as follows:

> **b. Excess Insurance**
>
> (1) This insurance is excess over:
>
> * * *
>
> (b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

46. By letter dated May 9, 2018, and subsequent follow-up emails dated December 31, 2018, January 22, 2019, February 11, 2019, April 3, 2019, May 8, 2019, and May 6, 2020, LM Insurance tendered the defense and indemnity of Pergament Mall for the Underlying Action to Safety National.

47. By letter dated July 31, 2020, the defense and indemnity of Pergament Mall for the Underlying Action was again tendered to Safety National.

48. By letters dated August 3, 2020, August 6, 2020, and October 27, 2020 to Cincinnati, the defense and indemnity of Pergament Mall for the Underlying Action was tendered to Cincinnati.

49. Safety National has not responded to the aforesaid tenders made to it.

50. By letter dated January 21, 2021, on behalf of Cincinnati, Vahey Getz LLP, counsel for Cincinnati, issued a letter disclaiming coverage for Pergament Mall as

an additional insured under the Cincinnati Policy for the Underlying Action.

51. In its disclaimer letter, Cincinnati did not raise any breaches of policy conditions as a basis for disclaimer; thus, Cincinnati waived any coverage defense based upon breach of a policy condition to coverage.

52. As a result of Safety National's and Cincinnati's breach of their duty to defend, LM Insurance has been forced to drop down and provide a defense to Pergament Mall for the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF

53. LM Insurance repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "52" of this Complaint as if more fully set forth herein.

54. Pergament Mall qualifies as an additional insured under the Safety National Policy and the Cincinnati Policy for the claims alleged in the Underlying Action.

55. Safety National and Cincinnati each owe Pergament Mall a duty to defend and indemnify for the claims alleged in the Underlying Action.

56. Although duly demanded, Safety National and Cincinnati have failed and refused to provide a primary defense and indemnification to Pergament Mall for the claims alleged in the Underlying Action.

57. LM Insurance seeks a determination of its rights with regard to the Safety National Policy and Cincinnati Policy, including a declaratory judgment that Safety National and Cincinnati were and are required to defend and indemnify Pergament Mall for the Underlying Action under the Safety National Policy and Cincinnati Policy, and such

coverage applies on a primary basis before coverage under the LM Insurance Policy applies to Pergament Mall.

58. LM Insurance has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF

59. LM Insurance repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" through "58" of this Complaint as if more fully set forth herein.

60. As a result of Safety National's and Cincinnati's failure to acknowledge that they each owe a primary duty to defend Pergament Mall, LM Insurance has been required to pay for Pergament Mall's defense for the Underlying Action.

61. As a result of Safety National's and Cincinnati's failure to acknowledge their primary duties to defend Pergament Mall for the Underlying Action, LM Insurance has incurred substantial attorneys' fees and other costs to defend Pergament Mall.

62. Safety National and Cincinnati have failed and refused to acknowledge their primary coverage obligations and to reimburse LM Insurance for costs incurred to defend Pergament Mall.

63. As a result of the foregoing, LM Insurance is entitled to a money judgment against Safety National and Cincinnati in an amount equal to what LM Insurance has incurred and will incur to defend Pergament Mall for the Underlying Action, in an amount to be determined by the Court, plus interest.

**WHEREFORE,** plaintiff LM INSURANCE CORPORATION demands

judgment as follows:

      1.    On the first claim for relief, a declaratory judgment determining the respective rights and obligations of plaintiff LM INSURANCE CORPORATION and defendants SAFETY NATIONAL CASUALTY CORPORATION and CINCINNATI INSURANCE COMPANY with respect to their liability insurance coverage obligations for Pergament Mall for the Underlying Action, including a declaratory judgment that defendants SAFETY NATIONAL CASUALTY CORPORATION and CINCINNATI INSURANCE COMPANY are required to defend and indemnify Pergament Mall for the Underlying Action, and such coverage would apply on a primary basis before coverage under the LM Insurance Policy applies to Pergament Mall;

      2.    On the second claim for relief, a money judgment in favor of plaintiff LM INSURANCE CORPORATION and against defendants SAFETY NATIONAL CASUALTY CORPORATION and CINCINNATI INSURANCE COMPANY in an amount to be determined by the Court, plus interest; and

      3.    Granting plaintiff LM INSURANCE CORPORATION recovery of the costs and disbursements of this action, together with such other and further relief as

this Court deems just and proper.

Dated:  New York, New York
        April 2, 2021

                                Yours, etc.,

                                JAFFE & ASHER LLP

                                By: *Florence Langer*
                                    Marshall T. Potashner, Esq.
                                    Florence Langer, Esq.
Attorneys for Plaintiff
LM INSURANCE CORPORATION
445 Hamilton Avenue, Suite 405
White Plains, New York 10601
(212) 687-3000