**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**LM INSURANCE CORPORATION,**

                                    **Plaintiff,**                    **MEMORANDUM**
                                                                      **AND ORDER**

             **-against-**                                            **21-CV-1802 (KAM)**

**SAFETY NATIONAL CASUALTY**
**CORPORATION, et al.,**

                                    **Defendants.**
-------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In this insurance coverage litigation, plaintiff LM Insurance Corporation ("LMI") has

moved to compel defendant Cincinnati Insurance Company ("Cincinnati") to produce claim

notes responsive to LMI's Request for Production No. 12 and/or to provide a privilege log for

each claim withheld as privileged (other than those reflecting privileged communications with

the attorneys representing Cincinnati in this lawsuit).  See First Motion to Compel (Nov. 11,

2021) ("LMI Motion"), ECF Docket Entry ("DE") #30.  Cincinnati counters that LMI "failed

to meet its *prima facie* burden of demonstrating that [the] claim notes . . . are relevant to"

Cincinnati's denial of coverage on the ground that Pergament Mall is not an additional insured

under the Cincinnati policy.  See Response in Opposition (Nov. 16, 2021) ("Cin. Opp.") at 3,

DE #31.  For the reasons that follow, this Court disagrees.

                                    **DISCUSSION**

      As a preliminary matter, it bears noting that Cincinnati's Response to Request No. 12

objected to LMI's demand for claim notes as seeking privileged documents and as "overly

broad, unduly burdensome, lacking in temporal scope, vague and ambiguous"; Cincinnati's

Response did not, however, specifically interpose an objection on relevance grounds.  See

Response to Request No. 12, DE #30-2 at ECF pp. 11-12.  Cincinnati's newly minted

relevance challenge, which relies primarily on out-of-circuit district court opinions, takes the

position that whether or not Pergament Mall qualifies as an additional insured is "purely

related to contractual interpretation," and, in the absence of a claim of bad faith, the claim

notes demanded are unlikely to assist LMI in collecting facts as to whether Pergament Mall is

an additional insured under Cincinnati's policy.  See Cin. Opp. at 3.

Cincinnati concedes, as it must, that courts enjoy broad discretion in resolving

discovery disputes, and that once the party requesting discovery has made a *prima facie*

showing of relevance, "it is up to the responding party to justify curtailing discovery[.]"  Id. at

2 (internal quotation marks and citations omitted).   This Court concludes that LMI has

sustained its burden, by its explanation that "Cincinnati's claim notes likely include the basis

for denying coverage to Pergament Mall, including why it claims the Einstein Contract does

not include Pergament Mall as an additional insured, why it claims the alleged accident did not

arise out of Einstein's work, and other any [sic] factors it considered in denying coverage to

Pergament Mall under Cincinnati's policy."  LMI Motion at 3.

In belatedly interposing a relevance challenge, Cincinnati ignores the fact that "[c]ourts

in the Second Circuit regularly reject arguments asserted by [insurers such as Cincinnati] that

[a plaintiff] should be precluded from discovering extrinsic evidence because the relevant

policy language is unambiguous." Virtu Fin. Ins. v. AXIS Ins. Co., 20-CV-6293 (GBD)

(KHP), 2021 WL 3862857, at *3 (S.D.N.Y. Aug. 30, 2021) (citing Certain Underwriters at

Lloyd's v. Nat'l R.R. Passenger Corp., 14-CV-4717 (FB), 2016 WL 2858815, at *10

(E.D.N.Y. May 16, 2016) (collecting cases)).  As this Court observed in its decision in

Certain Underwriters, the suggestion advanced herein by Cincinnati -- to wit, "that

unambiguous policy language cannot be undermined through extrinsic evidence [--] presents a

challenge that goes to admissibility, as opposed to discoverability[,]" particularly where, as

here, the district judge has yet to rule on the ambiguity or clarity of the applicable policy

language.  Certain Underwriters at Lloyds, 2016 WL 2858815, at *10; accord Virtu Fin.,

2021 WL 3862857, at *3.  Moreover, under New York law, which may apply in this case,

"evidence of intent is relevant until there has been a finding that the policy is subject to only

one interpretation."  Virtu Fin., 2021 WL 3862857, at *2 (quoting Mariner's Cove Site B

Assocs. v. Travelers Indem. Co., No. 04Civ.1913(KMW)(RLE), 2005 WL 1075400, at *1

(S.D.N.Y. May 2, 2005)).  Notably, while implying that the demanded claim notes constitute

inadmissible extrinsic evidence, Cincinnati hedges its bets as to what evidence it may proffer in

connection with Pergament Mall's status under the Cincinnati policy: Cincinnati cryptically

observes that, in addition to Cincinnati's denial-of-coverage letter, "any other factors or

arguments supporting Cincinnati's position will be fully borne out in a motion for summary

judgment."  Cin. Opp. at 3; see id. ("Whether Pergament Mall is an additional insured under

Cincinnati's policy is entirely dependent on the operative insurance policies, the contracts

governing the alleged occurrence in the underlying lawsuit, *and testimony of the parties*.")

(emphasis added).

Accordingly, this Court exercises its broad discretion and concludes that Cincinnati has

failed to rebut LMI's *prima facie* showing of relevance.  To the extent that Cincinnati's letter

in opposition may be construed as contending that the demanded discovery is disproportionate to the needs of the case, see Cin. Opp. at 2, such an argument would be unavailing, as Cincinnati has made no showing whatsoever as to the burden entailed in producing the claim notes, and Cincinnati's time to do so has long passed.

## CONCLUSION

For the reasons discussed above, the Court grants LMI's motion to compel and directs Cincinnati to produce the demanded claim notes and any privilege log by December 8, 2021.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**           November 29, 2021**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

4