UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
LM INSURANCE CORPORATION,

                                  **Plaintiff,**                      **MEMORANDUM
AND ORDER**

                         **-against-**                          **21-CV-1802 (KAM) (RLM)**

SAFETY NATIONAL CASUALTY
CORPORATION, *et al.*,

                                **Defendants.**
-------------------------------------------------------------------------x
ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

Currently pending before this Court, in this insurance coverage declaratory action, is a motion filed by defendant Safety National Casualty Corp. ("Safety National") for reconsideration of a court order that reinstated a fact discovery deadline of February 4, 2022. See Letter Motion for Reconsideration (Feb. 9, 2022) ("Motion for Reconsideration"), Electronic Case Filing Docket Entry ("DE") #41.  Having reconsidered its decision, the Court declines to reopen discovery.

## BACKGROUND

After close of business on February 3, 2022—the literal eve of the closing of fact discovery, see Order (Jan. 28, 2022)—this Court conducted an emergency telephonic hearing regarding a dispute that arose during the deposition of non-party witness Einstein Construction Group, L.L.C. ("Einstein"), the insured of defendant Cincinnati Insurance Co. ("Cincinnati"); the dispute concerned the request of counsel for plaintiff LM Insurance Corp. ("plaintiff"), the party that had subpoenaed Einstein, to produce a 2016 Contract between Einstein and non-party Raymours Furniture Co. ("Raymours"), Safety National's insured, see Minute Entry

(Feb. 3, 2022), DE #37.  Counsel for Einstein, who had not had an opportunity to review the 2016 Contract with her client, refused to produce it during the deposition, as the document fell outside the scope of plaintiff's subpoena, which instead called for information and testimony concerning a 2017 Contract between Einstein and Raymours.  See id.  Citing the unfairness of the demand for immediate production as well as the lateness of the hour, the Court declined to order Einstein to produce the 2016 Contract at that time, or to entertain an oral application for yet another extension of discovery.  See id.

Later that evening, defendant Safety National, which had not even served a subpoena on Einstein, requested  a four-week extension of fact discovery "so that we can serve another [sic] subpoena on Einstein Construction Corp. for the 2016 Contract."  Motion for Extension of Time (Feb. 3, 2022) at 2, DE #36.  Mistakenly assuming that no party objected, the Court granted an extension, but only until February 22, 2022, for the limited purpose of subpoenaing the 2016 Contract and reopening the deposition of Einstein for questioning about that document.  See Order (Feb. 4, 2022) ("2/4/22 Order").  The Court noted, however, that it "remains unconvinced that, with due diligence, the parties could not have completed fact discovery by" the February 4th deadline.  Id.

Several hours later, defendant Cincinnati filed an objection to Safety National's extension request; among other things, Cincinnati correctly argued that the only Einstein/Raymours contract referenced in the pleadings was the 2017 Contract, and that Cincinnati would be prejudiced if the deadline was extended solely to require production of the 2016 Contract while depriving Cincinnati of the opportunity to conduct discovery regarding this unpled contractual agreement.  See Response to Motion (Feb. 4, 2022) at 2, DE #39.

In light of Cincinnati's objection, this Court vacated its Order of February 4, 2022, thereby reinstating the previously existing deadlines. See Order (Feb. 9, 2022). Safety National thereupon moved for reconsideration; while denying that it had "'unfettered' access" to documents (such as the earlier Einstein/Raymours agreement) in the possession of Raymours, its insured, see Motion for Reconsideration at 2, Safety National failed to explain why, with due diligence, it could not have uncovered the existence of the 2016 Contract and completed discovery surrounding that document in a timely fashion.

## DISCUSSION

Having taken the parties' competing submissions and arguments under advisement, see Order [re] DE #41 (Feb. 9, 2022), the Court remains of the view that the parties, with due diligence, could have completed fact discovery before the expiration of the previously extended February 4th deadline, see 2/4/22 Order. Safety National therefore has not shown good cause to reopen discovery:

> Where, as here, a court has issued a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure . . . , the Court must first address whether the party seeking leave has shown "good cause" for modifying that scheduling order. See Fed. R. Civ. P. 16(b)(4); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243-44 (2d Cir. 2007). It is the movant's burden to establish good cause for failing to comply with a court deadline. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). " 'Good cause' depends on the diligence of the moving party." Id. (quoting Fed. R. Civ. P. 16(b)); see Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). Consequently, absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery. See Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc., 335 F.R.D. 50, 52-53 (S.D.N.Y. 2020); Baburam v. Fed. Express Corp., 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (collecting cases).

Canales v. United States, 19-CV-834 (EK), 2021 WL 1588809, at *2 (E.D.N.Y. Apr. 22, 2021), aff'd, 2021 WL 5830765 (E.D.N.Y. Dec. 8, 2021).

Safety National has not proffered a sufficient justification for having failed to seek and complete discovery concerning the 2016 Contract within the time allotted.  To allow plaintiff and/or Safety National to belatedly subpoena and rely upon the 2016 Contract would unfairly prejudice Cincinnati, which understandably has taken no discovery on an instrument that falls outside the scope of the pleadings in this case.  Nor is the Court prepared to restart the discovery clock in order to offset the prejudice that would otherwise ensue to Cincinnati.  The parties have had ample time to complete discovery, which has now closed.

## CONCLUSION

Having reconsidered its reinstatement of the February 4th discovery deadline, the Court declines to reopen discovery.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**February 17, 2022**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**