UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
**LM INSURANCE CORPORATION,**

                                  **Plaintiff,**                        **MEMORANDUM
AND ORDER**

                   -against-                                 **21-CV-1802 (KAM) (RLM)**

**SAFETY NATIONAL CASUALTY
CORPORATION,** *et al.***,**

                                 **Defendants.**
------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        In a letter-motion dated February 18, 2022, plaintiff LM Insurance Corporation ("plaintiff") moves to strike the answer of defendant Cincinnati Insurance Company ("Cincinnati") for alleged discovery abuses; in the alternative, plaintiff moves to compel Cincinnati "to comply with [plaintiff's] outstanding discovery requests" and to certify that it has produced all responsive documents. See Letter Motion to Strike Answer (Feb. 18, 2022) ("Pl. Motion") at 1, Electronic Case File ("ECF") Docket Entry ("DE") #45. In either event, plaintiff seeks to recover its attorneys' fees. See id. Cincinnati counters that plaintiff's motion is untimely, lacks merit, and that plaintiff failed to confer in good faith before resorting to motions practice. See generally Response to Motion (Feb. 23, 2022) ("Cincinnati Opp."), DE #46. For the reasons that follow, plaintiff's motion is denied.

        First, plaintiff's concession that its "motion is late in the proceedings[,]" Pl. Motion at 1, understates the significance of the timing of its application. The extended fact discovery deadline expired on February 4, 2022, two weeks before plaintiff filed the pending discovery

motion. Plaintiff should have "made any discovery motion prior to the deadline for the completion of discovery." NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F.Supp.2d 134, 151 (S.D.N.Y. 2003). "The untimeliness of plaintiff['s] application weighs heavily against its being granted[,]" Gotlin v. Lederman, No. 04-CV-3736 (ILG), 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007), adopted, 2007 WL 2088875 (E.D.N.Y. July 19, 2007), and, "absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery[,]" id. at *2 (citation omitted), or discovery-related relief, see also Baburam v. Fed. Express Corp., 318 F.R.D. 5, 8 (E.D.N.Y. 2016) ("[T]he moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order." (citations omitted)).

Plaintiff's attempt to explain away the untimeliness of its motion is unavailing. Plaintiff complains that it had been misled by Cincinnati's assurance that the latter had produced all documents in its possession responsive to plaintiff's discovery demands. See Pl. Motion at 1-2. But in arguing that plaintiff only recently learned that Cincinnati's production was incomplete, plaintiff cites information contained in Cincinnati's claims notes—which, as plaintiff is constrained to concede, Cincinnati had produced in early December 2021. See id. at 2. That plaintiff waited more than two months to file its belated discovery motion—after the close of fact discovery—is a problem of plaintiff's own making. As plaintiff failed to show good cause for the delay, the untimeliness of plaintiff's discovery motion constitutes sufficient basis for its denial. See, e.g., cases cited *supra*.

In any event, the record before the Court does not support plaintiff's assumption that Cincinnati withheld any responsive documents. While accusing Cincinnati of failing to

produce "multiple" responsive documents, see Pl. Motion at 2, plaintiff identifies only three, and none supports plaintiff's demand for relief: First, quoting portions of Cincinnati's claim file that reference a certificate of insurance ("COI") in the claim file, plaintiff complains that Cincinnati failed to produce the COI. See id. In response, Cincinnati explains that it disclosed its only responsive certificate of insurance: i.e., a sample COI, which was in the claim file. See Cincinnati Opp. at 1-2.

Another "example" of an allegedly undisclosed document is an email dated October 9, 2020, from Cincinnati to plaintiff's counsel, forwarding a copy of the Einstein/Raymours Contract. See Pl. Motion at 2; Ex. D – Email with Contract (docketed on Feb. 18, 2022), DE #45-4. Plaintiff should not be heard to complain about the purported withholding of an email sent to its own counsel, particularly since plaintiff reportedly failed to produce that same email in response to Cincinnati's discovery demands. See Cincinnati Opp. at 2. The third and final "missing" document identified by plaintiff is the version of the Einstein/Raymours contract that Cincinnati forwarded to plaintiff's counsel along with the October 9, 2020 email—which plaintiff's counsel admittedly received and thus already possessed. See Pl. Motion at 2.

Simply put, plaintiff's arguments are nothing short of makeweight. Plaintiff has not shown good cause to reopen discovery to compel Cincinnati to produce supposedly undisclosed documents or to certify that none exist. See Memorandum and Order (Feb. 17, 2022) at 3-4, DE #44 (collecting cases and denying a belated request by defendant Safety National Casualty Corp. to reopen discovery to obtain an earlier Einstein/Raymours agreement). *A fortiori*, plaintiff is not entitled to the most extreme sanction, the striking of Cincinnati's answer. See Cincinnati Opp. at 2 (collecting cases).

Accordingly, regardless of whether or not plaintiff disregarded its obligation to meet and confer in good faith before raising a discovery issue with the Court, plaintiff's motion is denied in its entirety.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 28, 2022

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**