```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

------------------------------------X

LM Insurance Corporation,

        Plaintiff,        **MEMORANDUM & ORDER**

  - against -               No. 1:21-cv-1802(KAM)(RML)

Safety National Casualty
Corporation *and* Cincinnati
Insurance Company,

        Defendants.

------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

This is a declaratory judgment action between three insurance companies who dispute their respective coverage obligations in a personal injury action pending in New York state court. The Court previously issued an order resolving the parties' summary judgment motions. (*See* ECF No. 88, Mem. & Order ("M&O").) All parties now move the Court to reconsider various parts of that order. (*See* ECF Nos. 89 ("LM Ltr."), 90 ("Safety Ltr."), 91 ("Cincinnati Ltr.").)[1] For the reasons below, the Court denies all three motions for reconsideration.

---

[1] The parties technically filed letters requesting a pre-motion conference in accordance with Section III.B of the undersigned's Chambers Practices, which generally requires a party to seek a pre-motion conference before filing a motion. This Court's Local Civil Rule 6.3, however, requires that motions for reconsideration be brought within fourteen days after entry of the order sought to be reconsidered. To avoid unfairly putting the parties out of compliance with Local Civil Rule 6.3, and because a pre-motion conference would not substantially aid the Court in resolving the parties' requests, the

## BACKGROUND

The Court assumes familiarity with the factual and procedural background, which is discussed at length in the Court's summary judgment order based on the voluminous summary judgment record. (*See generally* M&O 1-22, 59.)

## LEGAL STANDARD

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. *Johnson v. County of Nassau*, 82 F. Supp. 3d 533, 535 (E.D.N.Y. 2015). Reconsideration is appropriate only to (1) account for an intervening change in controlling law or newly available evidence that likely would have altered the court's decision, (2) correct a clear error, or (3) avoid manifest injustice. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). A party's "disagreement" with the court's "explication of the relevant legal standards and application of the standards to the facts of [the] case" does not satisfy the "clear error" standard. *See McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018). The "manifest injustice" standard affords the district court substantial discretion and is rarely met. *See Chitkara v. N.Y. Tel. Co.*, 45 F. App'x 53, 55 (2d Cir. 2002)

---

Court advised in a November 30, 2023, order that it would construe the parties' letters as timely motions for reconsideration.

The standard for reconsideration is "strict" to "dissuade repetitive arguments on issues" that the court already has "considered fully." *CFTC v. McDonnell*, 321 F. Supp. 3d. 366, 367 (E.D.N.Y. 2018) (quoting *Nielsen v. N.Y. City Dep't of Educ.*, No. 1:04-cv-2182(NGG), 2007 WL 2743678, at *1 (E.D.N.Y. Sept. 18, 2007)). Accordingly, the moving party may not rely on information it could have but failed to present before, nor may it simply elaborate on arguments it already made. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

## DISCUSSION

Plaintiff LM Insurance Corporation and Defendant and Cross-Claimant Safety National Casualty Corporation each seek reconsideration of the Court's decision not to adjudicate Defendant Cincinnati Insurance Company's duty to indemnify in the underlying state court action. (LM Ltr. 1; Safety Ltr. 1; *see* M&O 54–56.)

Cincinnati, for its part, disagrees with how the Court adjudicated the priority of the parties' respective defense obligations, (Cincinnati Ltr. 1; *see* M&O 50–54), and with the Court's interpretation of Cincinnati's insurance policy, (Cincinnati Ltr. 1–2; *see* M&O 46–47).

No party cites any newly available facts or law that could not reasonably have been presented in the parties' summary judgment briefing.

## I. Cincinnati's Duty to Indemnify

LM and Safety each sought a declaratory judgment regarding Cincinnati's obligation to defend *and* indemnify their respective insureds in the underlying state court action. (M&O 1–2.) The Court concluded that Cincinnati had a duty *to defend* LM's insured and Safety's insured in the underlying action, (*id.* 49–50), but exercised its discretion to decline to adjudicate Cincinnati's duty *to indemnify* them, (*id.* 56). An insurer's duty to defend significantly differs from its duty to indemnify, and a court entertaining an insurance coverage declaratory judgment action must analyze separately whether each issue is ripe and appropriate for adjudication. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 93 (2d Cir. 2023).

The Court concludes that it properly exercised its discretion in applying the *Admiral Insurance* criteria and made no clear errors regarding Cincinnati's duty to indemnify. (*See* M&O 54–56.) Even where a district court has jurisdiction to issue a declaratory judgment, it "retain[s] 'broad discretion'" to *decline to exercise* that jurisdiction. *Admiral Ins. Co.*, 57 F.4th at 99 (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regul. Dist.*, 673 F.3d 84, 105 (2d Cir.

4

2012)).  The Second Circuit in *Admiral Insurance Co. v. Niagara Transformer Corp.* instructed district courts to consider six factors in exercising that discretion. *Id.* at 99–100.  After reviewing its summary judgment order and the parties' motions for reconsideration, the Court has assured itself that it weighed the *Admiral Insurance* factors appropriately.  *See, e.g., Travelers Prop. Cas. Co. of Am. v. Harleysville Worcester Ins. Co.*, No. 1:22-cv-2171(KPF), 2023 WL 4896169, at *7–15, 17–19 (S.D.N.Y. Aug. 1, 2023) (adjudicating insurer's duty to defend and finding court had subject-matter jurisdiction to adjudicate insurer's duty to indemnify but still declining to exercise jurisdiction regarding duty to indemnify for similar reasons).

LM and Safety each argue that the Court overlooked the impact of *Regal Construction Corp. v. National Union Fire Insurance Co. of Pittsburgh*, 930 N.E.2d 259 (N.Y. 2010), on the merits of their indemnity claims.  (LM Ltr. 1; Safety Ltr. 1.)  The Court assures LM and Safety that it considered the *Regal* decision, which it cited repeatedly in its summary judgment order.  (*See* M&O 33, 37, 48.)  As the Court explained, however, though state law governs the *merits* of LM's and Safety's indemnity claims, federal law governs whether the court should or must exercise jurisdiction over those claims.  (*Id.* 54.)  Applying federal law, regardless of the merits of LM's and

5

Safety's indemnity claims, the Court properly declined to exercise jurisdiction over them. (*Id.* 55–56.)

As to LM's concern that the Court's summary judgment order may frustrate settlement discussions in the underlying state court action, (*see* LM Ltr. 2), the Court emphasizes that it has expressed no opinion on the merits of any indemnity claim in the state court action. It addressed only the propriety of adjudicating Cincinnati's duty to indemnify in this Court at this time. LM's and Safety's remaining arguments amount to mere disagreements with how the Court applied the *Admiral Insurance* factors, which cannot support reconsideration. *See McGraw-Hill*, 293 F. Supp. 3d at 398. Thus, the Court denies LM's and Safety's motions for reconsideration.

## II. Priority of Defense Obligations

The Court's summary judgment order concluded that Cincinnati owed a duty to defend LM's and Safety's insureds in the underlying state court action on a primary and non-contributory basis. (M&O 51–54.) Cincinnati asserts that its coverage at least should be co-primary with Safety's coverage, arguing that the Court "did not consider the complete Other Insurance clause of the Cincinnati policy or Safety National's Other Insurance clause compared to Cincinnati's." (Cincinnati Ltr. 1.) The Court respectfully disagrees. It considered every provision from the relevant policies that the parties cited, but

it discussed only those it found necessary to explain its decision. *See Abraham v. Leigh*, No. 1:17-cv-5429(KPF), 2018 WL 3632520, at *1 (S.D.N.Y. July 30, 2018) ("While the Court did not discuss this particular argument in its . . . decision, it considered the argument in its review of the parties' submissions and found it unpersuasive."). Thus, the Court denies Cincinnati's motion for reconsideration with respect to the parties' respective priorities of defense obligations.

### III. Cincinnati's Duty to Defend

In concluding Cincinnati owed a duty to defend LM's insured and Safety's insured in the underlying state court action, the Court found a provision in Cincinnati's policy ambiguous. (M&O 46.) To clarify the provision's meaning, the Court applied *contra proferentem*, a rule of construction providing that ambiguities in an insurance policy should be construed against the insurer, here Cincinnati. (*Id.* 46-47.) The Court also considered extrinsic evidence. (*Id.* 47.)

Cincinnati suggests the Court's conclusion was wrong, arguing that "in actions between insurers, ambiguities are not construed against an insurer." (Cincinnati Ltr. 2.) In support, Cincinnati cites *U.S. Fire Insurance Co. v. General Reinsurance Corp.*, 949 F.2d 569, 574 (2d Cir. 1991), where the Second Circuit explained that the "touchstone for applying *contra proferentem* is the insured's lack of sophistication."

7

The Second Circuit elaborated that courts should not apply *contra proferentem* when "the justifications for applying the rule seem to be lacking" and "ample extrinsic evidence" clarifies the ambiguity. *Id.* The dispute in *U.S. Fire* concerned the meaning of a *reinsurance* contract, however, and other courts since then have found justifications for applying the *contra proferentem* rule in disputes between insurers involving the interpretation of *primary insurance* contracts like Cincinnati's policy in this case. *See, e.g.*, *Zurich Am. Ins. Co. v. Wausau Bus. Ins. Co.*, 206 F. Supp. 3d 818, 826-27 (S.D.N.Y. 2016). Thus, the Court committed no error in applying *contra proferentem* to interpret Cincinnati's policy.

Cincinnati also argues that the Court relied on the wrong extrinsic evidence to clarify the ambiguity in Cincinnati's policy. (Cincinnati Ltr. 2.) Cincinnati suggests the key evidence "would be between the contracting parties to the insurance policy language in dispute," not "the underlying intent of the parties to the construction contract to buy insurance." (*Id.*) The Court disagrees with Cincinnati's characterization of the summary judgment order. When an insurance policy provision is ambiguous, the court may "accept *any* available extrinsic evidence to ascertain the meaning intended by the parties during the formation of the contract." *Zurich*, 206 F. Supp. 3d at 824-25 (quoting *Morgan Stanley Grp.*

8

*v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000)) (emphasis added). To interpret Cincinnati's policy, the Court considered the lease between LM's insured and Safety's insured, the construction contract between Safety's insured and Cincinnati's insured, and the endorsements and sample certificates of insurance contained in the construction contract. (M&O 47.) The Court found the documents *all* favored the interpretation the Court ultimately adopted. (*Id.*) Thus, the Court committed no error in how it considered extrinsic evidence and denies Cincinnati's motion for reconsideration with respect to its ruling on Cincinnati's duty to defend.

## CONCLUSION

For the reasons set forth above, the Court denies each party's motion for reconsideration.

**SO ORDERED.**

Dated:   December 6, 2023
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

9